**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

IRVIN N. HOYT                                                               TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                   FAX (605) 224-9020


May 26, 2006


Lee Ann Pierce, Esq.
Attorney for Chapter 7 Trustee
Post Office Box 524
Brookings, South Dakota  57006

Laura L. Kulm Ask, Esq.
Attorney for Debtor
Post Office Box 966
Sioux Falls, South Dakota  57101-0966

    Subject:  ***In re Susan M. Powell***
                Chapter 7; Bankr. No. 05-41698

Dear Counsel:

    The matter before the Court is Trustee Lee Ann Pierce's Objection to Claimed Exemptions.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Trustee Pierce's objection will be overruled.

    **Summary**.  On September 15, 2005, Susan M. Powell purchased an annuity from Morgan Stanley for $17,892.  On September 28, 2005, Ms. Powell ("Debtor") filed for relief under chapter 7 of the bankruptcy code.

    Debtor listed the annuity on her schedule B and claimed it exempt under S.D.C.L. §§ 58-12-6, 58-12-7, and 58-12-8 on her schedule C.  On December 8, 2005, Trustee Pierce filed an objection to Debtor's exemptions, in which she stated:

> Specifically, Trustee objects on the basis that Debtor has claimed exempt an annuity with Morgan Stanley valued at $17,892.  Debtor advised the Trustee that she bought the annuity on September 15, 2005, and she filed for bankruptcy on September 28, 2005.  This would constitute a fraudulent conveyance under South Dakota law.

    On January 3, 2006, Debtor filed a response to Trustee Pierce's objection.  In her response, Debtor stated she "never had

Re:  *Susan M. Powell*
May 26, 2006
Page 2


any intent to defraud any creditors." She further stated:

> [Debtor] converted nonexempt property into exempt property before filing a bankruptcy petition. This is not fraudulent to creditors. Debtor was making full use of the exemptions that she is entitled to under South Dakota law.

A hearing was held on April 12, 2006. At the hearing, Debtor testified that when her husband died, she inherited a certificate of deposit, which she rolled over into a Morgan Stanley savings fund. She further testified that when she met with Attorney Kulm Ask in August 2005, Attorney Kulm Ask explained if Debtor filed bankruptcy, she would lose the money in that savings fund. She also testified the two of them discussed ways Debtor could keep a bankruptcy trustee from taking that money and decided Debtor should purchase the annuity.

By Trustee Pierce's calculations, which Debtor did not dispute, the $17,892 Debtor used to purchase the annuity represented 71% of Debtor's total personal property. Debtor admitted she was insolvent at the time of the purchase.

As for the annuity,[1] Debtor testified if she needed money, she could pay a penalty and taxes and withdraw money from the annuity.[2] She also testified she could begin receiving $59 per month on account of the annuity.[3] Finally, she testified she did not know until two days before the hearing she could cash out the annuity.

Following the hearing, the matter was taken under advisement.

**Discussion**. Pursuant to S.D.C.L. § 58-12-6:

The benefits, rights, privileges, and options which under

---

[1] Neither party introduced the annuity contract.

[2] Nothing in the record establishes the amount of the penalty or the basis for or amount of any taxes.

[3] According to Debtor's Exhibit 1, a two-page document titled "Annuity Data Page" and numbered "Page 3" and "Page 4," the annuity's "Payout Start Date" is March 8, 2058. Debtor explained that is the date "they" would "force" her to take the funds in the annuity.

Re: *Susan M. Powell*
May 26, 2006
Page 3

> any annuity contract heretofore or hereafter issued are due or prospectively due the annuitant, shall not be subject to execution nor shall the annuitant be compelled to exercise any such rights, powers, or options, nor shall creditors be allowed to interfere with or terminate the contract, *except as provided in §§ 58-12-7 to 58-12-9, inclusive.*

(Emphasis added.)  This exemption does not apply, however, to amounts paid as premiums on an annuity "with the intent to defraud creditors." S.D.C.L. § 58-12-7. It is also limited to payments of no more than $250 per month. S.D.C.L. § 58-12-8. If the monthly payments are greater than $250, the Court may order the annuitant to pay a judgment creditor as much of the excess as the Court deems "just and proper, after due regard for the reasonable requirements of the judgment debtor and his family [and] any payments required to be made by the annuitant to other creditors under prior court orders." S.D.C.L. § 58-12-9. *See In re John D. McGruder and Marlene J. McGruder*, Bankr. No. 00-30094, slip op. at 13-15 (Bankr. D.S.D. Aug. 14, 2001).

Trustee Pierce did not allege Debtor's annuity does not meet the definition of an "annuity contract" under South Dakota law, *see* S.D.C.L. § 58-12-5, or the payments under the annuity exceed $250 per month.[4] During her closing argument, she instead argued a debtor cannot put money into an annuity with the intent to hinder, delay, or defraud a creditor. In support of this proposition, she cited S.D.C.L. § 54-8A-4 ("Transfers fraudulent as to present and future creditors"). She did not, however, offer an adequate explanation of how § 54-8A-4 is applicable to or has any bearing on § 58-12-6.

The express language of § 58-12-6 provides the only limitations on a debtor's ability to claim an annuity exempt are those found in §§ 58-12-7, 58-12-8, and 58-12-9. Nothing in § 58-12-6 suggests the Court should refer to § 54-8A-4 in considering Debtor's claim of exemption.[5]

---

[4] Indeed, this would have been difficult to allege, inasmuch as the annuity is not in payment status, a fact that seems to trouble the Court more than the parties.

[5] Section 58-12-7 does include a cross reference to § 54-8-1 *et seq.* ("Acts in Fraud of Creditors"). However, "[s]ource notes, cross references, and titles . . . constitute no part of any statute." S.D.C.L. § 2-14-9; *Brim v. South Dakota Board of Pardons and*

Re:  *Susan M. Powell*
May 26, 2006
Page 4


   Similarly, nothing in § 54-8A-4 suggests that section is controlling in determining intent to defraud under § 58-12-7. Such an interpretation would in fact render the language regarding intent to defraud in § 58-12-7 mere surplusage, a result to be avoided. *Faircloth v. Raven Industries, Inc.*, 620 N.W.2d 198, 201 (S.D. 2000) ("We assume the Legislature intended that no part of its statutory scheme be rendered mere surplusage.").

   Finally, § 54-8A-4 addresses fraudulent transfers as defined by S.D.C.L. § 54-8A-1(12). No such "transfer" occurred in this case when Debtor converted her cash into an annuity.

   Accordingly, since Trustee Pierce has not established § 54-8A-4 as a basis for denying Debtor's claim of exemption, her objection will be overruled.[6] The Court will enter an appropriate order.

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

cc:  case file (docket original and serve parties in interest)

---

*Paroles*, 563 N.W.2d 812, 815 (S.D. 1997).

   [6] Had Trustee Pierce based her objection on § 58-12-7, the present record would likely yield the same result. This Court has previously held that to establish the requisite intent to defraud creditors under § 58-12-7, the objecting party must come forward with extrinsic evidence of fraudulent intent, *i.e.*, some evidence other than the conversion of nonexempt property to exempt property, the debtor's insolvency, and the debtor's desire to put the property beyond the reach of his creditors. *In re Ronald Owen Torgerson and Charlene Rae Torgerson*, Bankr. No. 94-10095, slip op. at 3-4 (Bankr. D.S.D. Feb. 27, 1995). *See also In re Ehab A. Andrawis*, Bankr. No. 98-40040, slip op. at 4-5 (Bankr. D.S.D. July 29, 1998). Trustee Pierce did not come forward with such evidence in this case.